UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LUZ AL-RIFAI, et al.,                          No. 2:10-cv-02526 MCE-CMK

        Plaintiffs,

   v.                                          ORDER

WILLOWS UNIFIED SCHOOL
DISTRICT, et al.,

        Defendants.

----oo0oo----

Plaintiffs Luz, Mohammad, Salam, and Shawki Al-Rifai ("Plaintiffs") seek redress from Willows Unified School District and individually named district employees Superintendent Steven Olmos, Principal Mort Geivett, and Assistant Principal Jerry Smith, (collecitvely, "Defendants") for various violations of federal law stemming from harassment and negative treatment Plaintiffs received while students in Willows Unified School District.

///

///

1

Defendants have filed two separate Motions to Dismiss Plaintiffs' Second Amended Complaint[1] for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).[2]  For the reasons stated below, both Defendants' Motions to Dismiss are granted.[3]

## BACKGROUND[4]

Plaintiffs are now adults who are Palistinian-American and practicing Muslims.  The Second Amended Complaint leaves several factual and temporal gaps, but it appears that throughout school and into high school, Plaintiffs were mercilessly teased by classmates who picked on them, and called Plaintiffs ethnic slurs and other derogatory names.  On occasion, Plaintiffs were physically and sexually assaulted, threatened, and harassed. Plaintiffs repeatedly reported their issues to school authorities, who did nothing to protect Plaintiffs, and otherwise took no action.  Eventually, in what appears to be Plaintiffs' junior year of high school, Plaintiff Shawki Al-Rifai participated in a violent fight with other classmates.

---

[1] Plaintiffs have twice amended their original complaint without leave of Court.

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[3] Because oral argument will not be of material assistance, the Court deemed this matter suitable for decision without oral argument.  E.D. Cal. Local Rule 230 (g).

[4] The factual assertions in this section are based on the allegations in Plaintiffs' Second Amended Complaint unless otherwise specified.

2

As part of Willow Unified School District's zero-tolerance violence policy, he was expelled from school, which deprived the plaintiffs of their "life-long dream" of graduating high school together.  Plaintiffs are requesting an injunction ordering that Plaintiff Shawki be awarded a Willows Unified School District diploma, and that the court award punitive and compensatory damages.

Defendants argue that Plaintiff Shawki was only expelled from school after having been given a full hearing on the matter. ECF No. 13 at 2.  Further, Plaintiff Shawki was found to have viciously beaten a younger, smaller student, and caused damage worth over $40,000.00 in medical expenses.  Id.  Plaintiff Shawki also fails to acknowledge, according to Defendants Geivett, Olmos, and Smith, that he received a high school diploma from a nearby charter school, and therefore has no need for a diploma from Willows Unified School District.  Id.  Both Motions to Dismiss argue that Plaintiffs' claims do not state cognizable claims against Defendants and that the Second Amended Complaint cannot stand.

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).

///

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). Though "a complaint attacked by a Rule 12(b)(6) motion" need not contain "detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 2869 (1986)). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." Id. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) ("[T]he pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Further, "Rule 8(a)(2)...requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing...grounds on which the claim rests." Twombly, 550 U.S. at 555 n.3 (internal citations omitted). A pleading must then contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs...have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.

///

Once the court grants a motion to dismiss, they must then decide whether to grant a plaintiff leave to amend. Rule 15(a) authorizes the court to freely grant leave to amend when there is no "undue delay, bad faith, or dilatory motive on the part of the movant." Foman v. Davis, 371 U.S. 178, 182 (1962). In fact, leave to amend is generally only denied when it is clear that the deficiencies of the complaint cannot possibly be cured by an amended version. See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992); Balistieri v. Pacifica Police Dept., 901 F. 2d 696, 699 (9th Cir. 1990) ("A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (internal citations omitted).

**ANALYSIS**

**A.   Eleventh Amendment Immunity**

As a threshold matter, Defendant Willows United School District argues they are entitled to Eleventh Amendment immunity since California school districts are agents of the state and thus immune from liability for state and federal claims in federal court. See ECF No. 12-1 at 4.

The Eleventh Amendment of the United States Constitution states that the judicial power "of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State."

The rule essentially protects non-consenting states from being sued by private individuals in federal court. <u>Beentjes v. Placer Cty. Air Pollution Control Dist.</u>, 397 F.3d 775, 777 (9th Cir. 2005), citing <u>Bd. of Trs. Of Univ. Of Ala. v. Garrett</u>, 531 U.S. 356, 363 (2001). The application of the Eleventh Amendment immunity protection hinges on whether the public entity is an arm of the state, or is "treated as a municipal corporation or other political subdivision to which the Eleventh Amendment does not extend." <u>Beentjes</u>, 397 F.3d at 777-78 (internal citations omitted).

The Ninth Circuit employs a five factor test to determine whether an entity is an arm of the state,[5] and courts in this circuit have consistently held that California's school districts are an arm of the state for Eleventh Amendment purposes. See <u>Belanger v. Madera Unified School Dist.</u>, 963 F.2d 248, 250-51 (9th Cir. 1992); <u>Stoner v. Santa Clara County Office of Educ.</u>, 502 F.3d 1116, 1122 (9th Cir. 2007); <u>Doe ex rel. Kristen D. v. Willits Unified School Dist.</u>, 2010 WL 890158 at *3 (N.D. Cal. 2010); <u>Lutz v. Delano Union School Dist.</u>, 2009 WL 2525760 at *7 n.3 (E.D. Cal. 2009). The immunity applies to both federal and state causes of action. See <u>Stanley v. Tr. of Cal. State Univ.</u>, 433 F.3d 1129, 1133-34 (9th Cir. 2006); <u>Gilbreath v. Cutter Biological, Inc.</u>, 931 F.2d 1320, 1326 (9th Cir. 1991).

---

[5] The test examines the following: (1) whether a money judgment would be satisfied from state funding; (2) whether the entity "performs central governmental functions;" (3) whether the "entity may sue or be sued;" (4) whether the entity "has the power to take property in its own name or only the name of the state;" and (5) the entity's corporate status. <u>Beentjes</u>, 397 F.3d at 778, citing <u>Belanger v. Madera Unified School Dist.</u>, 963 F.2d 248, 250-51 (9th Cir. 1992).

Further, the Eleventh Amendment bars suits against individually named officials when the state is the actual party in interest. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 (1984) (internal citations omitted). If the judgment sought "would expend itself on the public treasury or domain..." or otherwise "restrain the Government from acting" then the suit is not against the individual officer, but instead against the state itself, regardless of the type of relief requested. Id. at 102 n.11 (internal citations omitted).

Given this clear precedent, Plaintiffs' claims against each of the Defendants cannot stand.[6] Since the school district is an arm of the state, they are immune from suit. In addition, nothing in the pleadings suggests the individually named Defendants are being sued in anything but their official capacity as employees of the school district. Therefore, Defendants' Motions to Dismiss as to Plaintiffs' First through Fourth, and Sixth through Ninth Causes of Action are granted.[7]

**B.   Title IX Claim**

Plaintiffs allege that Defendants violated their right to be free from retaliatory treatment pursuant to the First Amendment.

---

[6] Defendants contend that all claims but Plaintiffs' Title IX claim are entitled to immunity, since the Supreme Court has held the Congress has abrogated state sovereign immunity for Title IX claims. Stanley, 433 F.3d at 1133 (citing Franklin v. Gwinnett Cnty. Pub. Sch., 503 U.S. 60, 72 (1992)). As such, the Title IX claim will be analyzed on other grounds. See infra.

[7] The Court takes no position as to Plaintiffs' contention that there is an actionable right for siblings to graduate high school together.

The Second Amended Complaint stated in a separate section that the female sibling Plaintiffs were subjected to sexual harassment and unwanted and offensive sexual touching.  However, in a somewhat puzzling turn, under Title IX, Plaintiffs request that the Court issue an injunction ordering Plaintiff Shawki be awarded a high school diploma from a Willows Unified School District high school.  Plaintiffs also request compensatory and punitive damages.

Title IX prohibits sex discrimination by "recipients of federal education funding." Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 173 (2005).  The statute expressly confers a private right of action on "persons discriminated against on the basis of sex." Id., citing Cannon v. Univ. of Chicago, 441 U.S. 677, 694 (1979).  An administration's "deliberate indifference" to students sexually harassing each other creates a private right of action under Title IX. Jackson, 544 U.S. at 173. See also Davis Next Friend LaShonda D. v. Monroe Cty. Bd. Of Educ., 526 U.S. 629, 642 (1999).  Deliberate indifference requires more than a showing that the institution's response was "clearly unreasonable in light of the known circumstances." Id. at 648.

Damages are not available for "simple acts of teasing and name-calling among school children, however, even where these comments target differences in gender." Id. at 652.  Instead, a student who is harassed by another student is entitled to damages only "where the behavior is so severe, pervasive, and objectively offensive that it denies its victims the equal access to education that Title IX is designed to protect." Id.
///

Plaintiffs have simply not pled enough facts to properly assert a Title IX claim against any of the Defendants. There is not enough information in the Second Amended Complaint to meet the pleading requirements of <u>Iqbal</u> and <u>Twombly</u>. Plaintiffs indicate they were subjected to teasing and ridicule that led to physical and emotional distress, and that Defendants failed to do anything about it. However, Plaintiffs do not indicate the time period during which this harassment occurred, the steps Plaintiffs took to alert the administration to the problem, or any other detailed facts surrounding their allegations. Further, the relief requested is inappropriate, as the Court fails to understand how Plaintiffs' alleged sexual harassment impeded Plaintiff Shawki from graduating from the same high school as his siblings. Therefore, both Defendants' Motions to Dismiss the Title IX claim are granted.

**C.  Leave to Amend**

Normally, this Court grants liberal leave to amend. <u>See supra</u>. However, without leave of Court, Plaintiffs twice amended their original complaint. The resulting Second Amended Complaint is so factually void, the Court cannot fathom how subsequent amendments can cure Plaintiffs' deficiencies. Therefore, leave to amend is denied.

///
///
///
///

9

**CONCLUSION**

Based on the foregoing, Defendants' Motions to Dismiss Plaintiffs' Second Amended Complaint (ECF Nos. 12 & 13) are GRANTED without further leave to amend.  The Clerk is ordered to close the case.

IT IS SO ORDERED.

Dated: January 31, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE