UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL-RIFAI, et al., | No. 2:10-cv-02526 |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| WILLOWS UNIFIED SCHOOL DISTRICT, et al., | |
| Defendants. | |

Plaintiffs Luz, Mohammad, Salam and Shawki Al-Rifai ("Plaintiffs") seek relief from Willows Unified School District ("WUSD") and individually named district employees Superintendent Steven Olmos, Willows High School ("WHS") Principal Mort Geivett and WHS Assistant Principal Jerry Smith (collectively, "Defendants") for various violations of federal law stemming from harassment and negative treatment Plaintiffs received while students in WUSD.[1]

///

///

///

---

[1] In addition to named Defendants, Plaintiffs include WUSD School Board Members Alex Parisio ("Parisio"), Jeromy Geiger ("Geiger"), Sherry Brott ("Brott"), Susan Domenighini ("Domenighini") and James Ward ("Ward") in the TAC. The Court will treat the school board members as Defendants, as well.

1

Defendants have filed two separate Motions to Dismiss Plaintiff's Third Amended Complaint ("TAC") for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]  For the reasons stated below, this Court GRANTS Defendants' Motions to Dismiss.[3]

## FACTUAL BACKGROUND[4]

Plaintiffs, now adults, are quadruplets (two brothers and two sisters), Palestinian-Americans and practicing Muslims.  Plaintiffs attended school in WUSD.  While the TAC leaves several factual and temporal gaps, Plaintiffs allege their classmates routinely subjected Plaintiffs to verbal and physical abuse, beginning in September 2002 and continuing until June 2010.  WHS students insulted Plaintiffs with a steady barrage of vulgar names, terrorist labels, sexually explicit suggestions and racial epithets.  Plaintiffs and their mother repeatedly made teachers and members of the school administration aware of the verbal abuse, but Plaintiffs allege that neither the teachers nor the administrators took the measures necessary to stop the harassment.  Plaintiffs further allege that Defendants "tacitly encouraged" the harassment.

The Al-Rifai brothers, Mohammad and Shawki, each allegedly suffered physical abuse, as well.  Plaintiffs claim WUSD students beat Mohammad and left him lying face down on a school playing field in 2003-04.  Approximately ten WHS football players allegedly confronted Shawki in 2009.  One punched Shawki, who fought back to defend himself.  School administrators subsequently expelled Shawki from school.  Plaintiffs allege this retaliatory and discriminatory punishment deprived Plaintiffs of their lifelong ambition to graduate together from the same high school.

---

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[3] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

[4] The factual assertions in this section come from Plaintiffs' TAC.

1    The Al-Rifai sisters, Luz and Salam, each covered their head with the hijab during
2  their time in WUSD.  Luz and Salam began wearing the hijab "to make themselves less
3  vulnerable," though they admit "wearing the hijab had the opposite effect on their
4  tormentors."  Plaintiffs allege male WUSD students attempted to look under Luz and
5  Salam's hijabs and pulled the scarves off their heads in the presence of teachers, who
6  did nothing to stop the harassment.  Furthermore, classmates also subjected Luz and
7  Salam to "unwanted and offensive sexual touching."  The culmination of this alleged
8  harassment forced school administrators to change the sisters' classes so Luz and
9  Salam could avoid their tormentors, whom the school did not discipline.

## PROCEDURAL HISTORY

13    Plaintiffs filed the present action on September 17, 2010, and twice amended
14  their original complaint without leave of the Court.  (ECF No. 1; ECF No. 9; ECF No. 11.)
15  Plaintiffs alleged that Defendants deprived them of their First and Fourteenth
16  Amendment rights in violation of 42 U.S.C. § 1983 and Title IX of the Education
17  Amendments of 1972 (20 U.S.C. §§ 1681-88).  (ECF No. 11 at 8-9.)  Plaintiffs also
18  brought a number of state law claims.  (Id. at 10-12.)  Defendants subsequently filed two
19  separate Motions to Dismiss the Second Amended Complaint ("SAC"), which this Court
20  granted with regard to all nine of Plaintiffs' claims.  (ECF No. 19.)  In dismissing the SAC
21  without leave to amend, this Court concluded the SAC was "so factually void" that the
22  Court "cannot fathom how subsequent amendments can cure Plaintiffs' deficiencies."
23  (Id. at 9)
24    Plaintiffs appealed to the Ninth Circuit, which affirmed this Court's dismissal of
25  Plaintiffs' nine claims.  Al-Rifai v. Willows Unified Sch. Dist., 469 F. App'x 647, 649-50
26  (9th Cir. 2013).  However, the Ninth Circuit reversed this Court on three points.  First, the
27  Ninth Circuit reversed this Court's decision not to grant Plaintiffs leave to amend their
28  Title IX claim against WUSD.  Id. at 649.

Second, the Ninth Circuit reversed this Court's finding that Plaintiffs sued Defendants in their official capacities and found Plaintiffs brought their claims against Defendants in their individual capacities. The Ninth Circuit found Plaintiffs still failed to state a claim under § 1983 against Defendants in their individual capacities but gave Plaintiffs leave to amend their § 1983 sex, race, religion, and national origin discrimination claims.[5] Id. at 649-50. Finally, the Ninth Circuit found this Court erred in dismissing with prejudice Plaintiffs' state law claims against individual Defendants. Id. at 650.

Plaintiffs responded to the Ninth Circuit's ruling by filing their TAC, restating all nine claims against all Defendants. (ECF No. 28.) Defendants filed two timely Motions to Dismiss. (ECF Nos. 29-30.)

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell. Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. Id. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

---

[5] Only Luz and Salam Al-Rifai brought sex discrimination claims under § 1983. (ECF No. 11 at 9.)

4

1	The Court also is not required "to accept as true allegations that are merely conclusory,
2	unwarranted deductions of fact, or unreasonable inferences." In re Gilead Sciences
3	Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (internal citations and quotations
4	omitted).
5	      "Factual allegations must be enough to raise a right to relief above the speculative
6	level." Twombly, 550 U.S. at 555.  Furthermore, "Rule 8(a)(2) . . . requires a 'showing,'
7	rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3
8	(internal citations and quotations omitted).  "Without some factual allegation in the
9	complaint, it is hard to see how a claimant could satisfy the requirements of providing not
10	only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."
11	Id. (citation omitted).  A pleading must contain "only enough facts to state a claim to relief
12	that is plausible on its face." Id. at 570.  If the "plaintiffs . . . have not nudged their claims
13	across the line from conceivable to plausible, their complaint must be dismissed." Id.
14	However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that
15	actual proof of those facts is improbable, and 'that a recovery is very remote and
16	unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).
17	      A court granting a motion to dismiss a complaint must then decide whether to
18	grant a leave to amend.  Leave to amend should be "freely given" where there is no
19	"undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice
20	to the opposing party by virtue of allowance of the amendment, [or] futility of the
21	amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.
22	Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to
23	be considered when deciding whether to grant leave to amend).  Dismissal without leave
24	to amend is proper only if it is clear that "the complaint could not be saved by any
25	amendment." Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir.
26	2007) (internal citations and quotations omitted).
27	///
28	///

## ANALYSIS

In their TAC, Plaintiffs restated all nine claims against all Defendants. However, this Court dismissed Plaintiffs' § 1983 claims against WUSD and Title IX claims against the individual Defendants with prejudice, which the Ninth Circuit affirmed. Because this Court definitively resolved those issues, all that remains to address are: (1) Plaintiffs' Title IX claims against WUSD; (2) Plaintiffs' § 1983 claims against individual Defendants for sex, race, religion, and national origin discrimination; and (3) Plaintiffs' pendant state law claims against individual Defendants. The Court will address each in order.

### A.  Title IX

Plaintiffs claim Defendants violated Plaintiffs' rights "to be free from retaliatory treatment based upon the exercise of their Freedom of Speech and their Freedom of Religion under the 1st Amendment . . . ." (ECF No. 28 at 10.) Plaintiffs request compensatory and punitive damages from Defendants in their "individual capacities." (Id.) As previously discussed, the Court dismissed Plaintiffs' Title IX claims against individual Defendants with prejudice, which the Ninth Circuit affirmed. Al-Rifai, 469 F. App'x at 649. This analysis focuses on WUSD.

Title IX prohibits sex discrimination by "recipients of federal education funding." Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 173 (2005). The statute expressly confers a private right of action on "persons discriminated against on the basis of sex." Cannon v. Univ. of Chicago, 441 U.S. 677, 694 (1979).

For students to establish school district liability under Title IX for sexual harassment by other students, they must show:

> (1) The school district exercised "substantial control over both the harasser and the context in which the known harassment" occurred;

///

6

>    (2) The plaintiff suffered "harassment . . . that is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school";
>
>    (3) The school district had "actual knowledge of the harassment," meaning a school official with the power to stop the harassment had actual knowledge of it; and
>
>    (4) The school district's "deliberate indifference subjects its students to harassment."

Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 739 (9th Cir. 2000) (internal citations and quotations omitted).

To deprive the victim of access to educational opportunities under the second prong, "the behavior must be serious enough to have the systemic effect of denying the victim equal access to an educational program or activity." Davis v. Monroe Cnty. Bd. of Educ., 526 U.S. 629, 652 (1999). Furthermore, deliberate indifference under the fourth prong requires a showing that the institution's response was "clearly unreasonable in light of the known circumstances." Id. at 648. "Damages are not available for simple acts of teasing and name-calling among school children, however, even where these comments target differences in gender." Id. at 652. Instead, student-to-student harassment entitles the victim to damages only "where the behavior is so severe, pervasive, and objectively offensive that it denies its victims the equal access to education that Title IX is designed to protect." Id.

///
///
///
///
///
///
///
///
///

**1.    Luz and Salam Al-Rifai's Claims**

With regard to the TAC, the only new facts Plaintiffs Luz and Salam Al-Rifai allege to support their Title IX claims are that: (1) students called the Al-Rifai sisters a vulgar, gender-specific name; (2) classmates accused the sisters of being cancer patients; (3) male classmates attempted "to peek under their hijab" and "pulled the scarves off of the girls' heads in the presence of the teachers"; (4) their mother frequently told school teachers and administrators about the harassment; and (5) this harassment forced school administrators to change the sisters' classes "to avoid their tormentors who were not disciplined by the school." (ECF No. 28 at 2-5.)

The verbal insults, along with the previously alleged racial epithets, sexually explicit suggestions, and vulgar names, still fall under "name-calling" per this Court and the Ninth Circuit's previous analysis. Al-Rifai, 469 F. App'x at 649. Luz and Salam cannot recover for those types of verbal insults, even "where these comments target differences in gender." Davis, 526 U.S. at 652. That leaves the allegations regarding Luz and Salam's head scarves, the unwanted sexual touching by classmates of Luz and Salam, the mother's complaints to WUSD teachers and administrators, and Luz and Salam's class changes to avoid harassment.

In its previous order, this Court found Plaintiffs' Title IX claims deficient because they did not indicate "the time period during which the harassment occurred, the steps Plaintiffs took to alert the administration to the problem, or any other detailed facts surrounding their allegations." (ECF No. 19 at 9.)

Under the four-prong Title IX test, Plaintiffs sufficiently pleaded the first two prongs. Plaintiffs alleged they and their harassers attended the school district and the harassment happened at WUSD schools, sufficiently pleading WUSD had substantial control over the situation under the first prong.

///
///

Next, Plaintiffs alleged that the harassment reached the point where school administrators made Luz and Salam change classes, sufficiently pleading the deprivation of an educational opportunity under the second prong. However, the TAC still does not include when these incidents occurred, which teachers were there, whom Plaintiffs' mother contacted, and when Plaintiffs' mother contacted them. The TAC fails to allege that any of Defendants had "actual knowledge" of the harassment "with the power to stop the harassment." Finally, Luz and Salam Al-Rifai's claims do not describe with adequate specificity how the acts laid out in the TAC rise above mere "name-calling" to the level of deliberate indifference with regard to gender discrimination against Luz and Salam.

      The TAC lacks the factual allegations necessary for Plaintiffs to "[nudge] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. As such, the TAC still fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Id. at 555 (internal citations and quotations omitted).

      Consequently, this Court GRANTS Defendants' Motions to Dismiss the TAC under Rule 12(b)(6) for failure to state a claim upon which relief can be granted (ECF Nos. 29-30) with regard to Luz and Salam Al-Rifai's Title IX claims against WUSD.

      However, leave to amend should be liberally granted and only denied in situations where it is clear that "the complaint could not be saved by any amendment." Intri–Plex Techs., 499 F.3d at 1056 (internal citations and quotations omitted). In the present action, the possibility lingers that Luz and Salam Al-Rifai could save their claims by amendment. Therefore, this Court DISMISSES Luz and Salam Al-Rifai's Title IX claims against WUSD but grants them ONE FINAL LEAVE TO AMEND.

///
///
///
///
///

### 2. Mohammad and Shawki Al-Rifai's Claims[6]

The TAC puts forth no new factual allegations regarding the alleged harassment that Mohammad and Shawki Al-Rifai endured. Their claims of harassment still amount to the vulgar insults and racial epithets the brothers endured, as well as two incidents of physical abuse by their classmates. However, as previously noted, the verbal insults do not rise to the level of "deliberate indifference" necessary to state a Title IX claim. Davis, 526 U.S. at 652. Moreover, Mohammad and Shawki Al-Rifai never explain how two incidents of physical abuse constituted pervasive discrimination based on sex; instead, they rely on a blanket assertion that all Defendants were aware of the physical abuse and did not take measures to stop it. That falls well short of what a Title IX claim requires.

Because Mohammad and Shawki Al-Rifai received leave to amend and came forth with no new factual allegations to bolster their claims, it is clear they cannot state a claim. Intri–Plex Techs., 499 F.3d at 1056. Therefore, this Court GRANTS Defendants' Motions to Dismiss Mohammad and Shawki Al-Rifai's Title IX claims against WUSD without leave to amend.

### B.   § 1983

Plaintiffs next claim that individual Defendants discriminated against them on the basis of Plaintiffs' race, religion and national origin. (ECF No. 28 at 9.) Luz and Salam Al-Rifai further allege that Defendants discriminated against them on the basis of Plaintiff sisters' sex. (Id.)

---

[6] The TAC indicates "DEFENDANTS violated the right of PLAINTIFFS" with regard to Title IX, seemingly indicating all four Plaintiffs bring a Title IX claim. (ECF No. 28 at 10.) However, under the TAC's Additional Allegations, it indicates Defendants deprived "PLAINTIFFS LUZ and SALAM AL-RIFAI on the grounds of their sex, of their rights . . . as provided by Title IX . . . ." (Id. at 8) Because it is unclear whether Mohommad and Shawki Al-Rifai assert Title XI claims, this Court includes all four Plaintiffs in its Title IX analysis.

Section 1983 provides relief against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . causes . . . any citizen of the United States . . . the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. Section 1983 does not recognize a respondeat superior theory of liability. Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 691 (1978). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. See also Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (requiring a plaintiff allege a defendant's "personal participation" in the constitutional violation).

When alleging unlawful discrimination under § 1983, the plaintiff "must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent." Monteiro v. Tempe Union High Sch. Dist., 158 F.3d 1022, 1026 (9th Cir. 1998) (emphasis added). See also Flores v. Morgan Hill Unified Sch. Dist., 324 F. 3d 1130, 1134 (9th Cir. 2003) (finding a plaintiff must show she is a member "of an identifiable class" and "the discrimination was intentional"). Students can bring § 1983 sex discrimination claims for a school official's failure to investigate and discipline peer-to-peer harassment, but the plaintiff must show the school official acted with an "unconstitutional motive." Id. at 1135; see also Elliot-Park v. Manglona, 592 F.3d 1003, 1008 (9th Cir. 2010).

Plaintiffs' complaint remains devoid of any allegations that Superintendent Steven Olmos ("Olmos"), WHS Principal Mort Geivett ("Geivett"), and WHS Assistant Principal Jerry Smith ("Smith") even knew about the alleged harassment. The TAC never names who was aware of what and when. Even assuming awareness on the part of individual Defendants, Plaintiffs never allege Olmos, Geivett and Smith intended to discriminate against Plaintiffs or the grounds for that discrimination.

///

///

As Iqbal states, Rule 8 "asks for more than sheer possibility that a defendant has acted unlawfully." 556 U.S. at 678. Nothing in the TAC suggests more than a possibility Defendants personally discriminated against Plaintiffs.

Therefore, this Court GRANTS Defendants' Motions to Dismiss Plaintiffs' § 1983 discrimination claims.

### 1.     Leave to Amend

#### a.     Luz and Salam Al-Rifai's § 1983 Claims Against Olmos, Geivett, and Smith

Where evidence exists that identified school administrators knew of harassment and discrimination against students and acted with deliberate indifference to a student's complaints, that can be sufficient to state a § 1983 claim. Flores, 324 F.3d at 1135. While Luz and Salam Al-Rifai's claims still lack the necessary specificity, their allegations regarding the hijab incidents in front of teachers, the unwanted sexual touching, and the notice Luz and Salam and their mother provided teachers and administrators inches Luz and Salam's § 1983 claims closer to viability. As with their Title IX claims, the Court finds a possibility exists that Luz and Salam could save their claims by amendment. Therefore, this Court DISMISSES Luz and Salam's § 1983 claims against Olmos, Geivett and Smith with one final leave to amend.

#### b.     Mohammad and Shawki Al-Rifai's § 1983 Claims Against Olmos, Geivett, and Smith

The Ninth Circuit found Mohammad and Shawki Al-Rifai's § 1983 claims "failed to allege facts showing that the individual Defendants intentionally discriminated against Plaintiffs on the basis of their race, religion, or national origin." Al-Rifai, 469 F. App'x at 649. As discussed in the Title IX analysis, Mohammad and Shawki Al-Rifai subsequently received leave to amend and have come forth with no new factual allegations to bolster any of their claims.

1  Thus, like Mohammad and Shawki Al-Rifai's Title IX claims, it is clear they cannot state a
2  § 1983 claim . Intri–Plex Techs., 499 F.3d at 1056.  Therefore, this Court DISMISSES
3  Mohammad and Shawki Al-Rifai's § 1983 claims against Olmos, Geivett and Smith
4  without leave to amend.

### c. Plaintiffs' § 1983 Claims Against WUSD Board Members

With regard to board members Parisio, Geiger, Brott, Domenighini and Ward, Plaintiffs do not allege anything other than the board members "willfully [turned] a blind eye toward the abuse . . . ." (ECF No. 28 at 4.)  Plaintiffs added no new factual allegations in the TAC regarding the board members.  As already stated, Plaintiffs cannot rely on a respondeat superior theory of liability against the board members, and these "blanket assertions" are far from sufficient to state a § 1983 claim for individual liability under Rule 8(b)(2).  Twombly, 550 U.S. at 555 n.3.  "Without some factual allegation in the complaint, it is hard to see how claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests."  Id. (internal citations and quotations omitted).  Consequently, this Court DISMISSES Plaintiffs § 1983 claims against the individual board members without leave to amend.

### C. State Law Claims

Because the Court dismissed Plaintiffs' federal claims presently, the Court declines to exercise its supplemental jurisdiction over the remaining state claims.  A court may decline to exercise supplemental jurisdiction when it has dismissed all claims over which it had original jurisdiction.  28 U.S.C. § 1367(c)(3).  Where a Court dismisses all federal claims before trial, courts should not normally exercise supplemental jurisdiction.  Acri v. Varian Associates, Inc., 114 F.3d 999, 1000 (9th Cir.1997).

The Court also declines to address the merits of Defendants' state law immunity arguments with regard to Plaintiffs' state law claims.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' Motions to Dismiss (ECF Nos. 29-30) Plaintiff's TAC. (ECF No. 28.)  The Motion is:

1. GRANTED as to Luz and Salam Al-Rifai's Title IX claims against WUSD with leave to amend;

2. GRANTED as to Mohammad and Shawki Al-Rifai's Title IX claims against WUSD without leave to amend;

3. GRANTED as to Luz and Salam Al-Rifai's § 1983 claims against Olmos, Geivett and Smith with leave to amend;

4. GRANTED as to Mohammad and Shawki Al-Rifai's § 1983 claims against Olmos, Geivett and Smith without leave to amend;

5. GRANTED as to Plaintiffs' § 1983 claims against Parisio, Geiger, Brott, Domenighini and Ward without leave to amend.

IT IS SO ORDERED.

DATED: May 13, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT